

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 24, 1957

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-204

Re: Whether or not the tax
referred to in H.B. 433,
55th Legislature, Section
28, is an occupation tax
under Section 3, Article
VII, Constitution of Texas

Dear Mr. Calvert:

You request the opinion of this office upon the question presented in your letter of July 11, 1957, which is as follows:

"H.B. 433, 55th Legislature, Section 28, reads in part as follows:

"'In addition to all other taxes now being paid, each stock company, mutual company, reciprocal, or interinsurance exchange or Lloyds Association writing Workmen's Compensation insurance in this State, shall pay annually into the State Treasury, for the use and benefit of the Workmen's Compensation Fund, an amount equal to one-fourth (1/4) of one per cent (1%) of gross premiums collected by such company or association during the preceding year under workmen's compensation policies written by such companies or associations covering risks in this State according to the reports made to the Board of Insurance Commissioners as required by law.'

"Please advise me if this tax is an occupation tax, under Section 3, Article VII, Constitution of Texas. The question is asked for the reason that if the tax is an occupation tax, one-fourth (1/4) will be deposited to the Available School Fund."

You quote only the portion of the statute levying the tax. A better understanding of the question is achieved by quoting all of the pertinent part of Section 28 of said H.B. 433, which is as follows:

"'Section 28. There is hereby established as a special fund, separate and apart from all public moneys or funds of this State, a Workmen's Compensation Fund which shall be used by the board for the purpose of paying costs of the administration of the law, in addition to amounts appropriated by the Legislature of the State of Texas. The State Treasurer shall be the treasurer and custodian of the fund. He shall administer such fund in accordance with the directions of the board, and the Comptroller shall issue warrants upon it in accordance with the directions of the board. In addition to all other taxes now being paid, each stock company, mutual company, reciprocal, or interinsurance exchange or Lloyds Association writing Workmen's Compensation insurance in this State, shall pay annually into the State Treasury, for the use and benefit of the Workmen's Compensation Fund, an amount equal to one-fourth (1/4) of one per cent (1%) of gross premiums collected by such company or association during the preceding year under workmen's compensation policies written by such companies or associations covering risks in this State according to the reports made to the Board of Insurance Commissioners as required by law. Said amount shall be collected at the same time and in the same manner as provided by law for the collection of taxes on gross premiums of such workmen's compensation insurance carriers. (Emphasis supplied.)

No useful purpose will be served by discussion of the distinction between an occupation tax and other forms of taxation. It is sufficient for your purpose that we hold this tax is not an occupation tax. We believe the language of the statute compels that conclusion. The tax is deposited in a special fund with the State Treasurer as custodian to be used for a special purpose, namely, to pay the cost of administration of the Workmen's Compensation law of which it is a part. As said by the Supreme Court in the case of the City of Fort Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.2d 610:

"An occupation tax is levied primarily for the purpose of raising revenue, and unless the measure before us is primarily a revenue measure, it is not an occupation tax. . . ."

You are therefore respectfully advised that the tax levied by Section 28, H.B. 433 of the 55th Legislature is not

an occupation tax requiring one-fourth (1/4) of the same to be allocated to the Available School Fund as required by Section 3 of Article VII of the Constitution of Texas.

## SUMMARY

The tax levied by Section 28 of H.B. 433 of the 55th Legislature is not for the purpose of raising revenue, but for the specific purpose of administering the Workmen's Compensation law of which it is a part, and is not an occupation tax requiring one-fourth (1/4) of same to be allocated to the Available School Fund as provided in Section 3 of Article VII of the Constitution of Texas.

Very truly yours,

WILL WILSON
Attorney General

By L. P. Lollar
L. P. Lollar
Assistant

LPL:gs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

J. C. Davis, Jr.

Fred Werkenthin

Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn